```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| RYAN ORTON, | |
| Plaintiff, | Civ. No. 22-1233 (NLH) (AMD) |
| v. | OPINION |
| WARDEN, FCI FORT DIX, et al., | |
| Defendants. | |

APPEARANCE:

Ryan Orton
07478-036
Fort Dix Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ 08640

    Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff Ryan Orton filed a complaint filed pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) challenging the result of prison disciplinary proceedings at FCI Fort Dix. ECF No. 1. The Court granted Plaintiff's in forma pauperis application and directed the Clerk to file the complaint. ECF No. 2.

    Plaintiff now asks the Court to dismiss the complaint and refund his filing fees. ECF No. 3; ECF No. 4. A plaintiff "may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a

motion for summary judgment[.]" Fed. R. Civ. P. 41(a)(1)(A)(i). No answer or motion for summary judgment have been filed, so Plaintiff may withdraw his complaint. The Court will order the Clerk to close the case in accordance with Plaintiff's wishes.

Plaintiff also asks to "vacate the payment fee schedule" and convert the complaint into petition for writ of habeas corpus under § 2241. ECF No. 4. Plaintiff claims to have filed a civil rights action by mistake: "Apparently I was filling out the wrong paperwork and filed a civil case when it was supposed to be a [habeas] corpus 2241." ECF No. 3 at 1. He states he was saving the money in his inmate account, and the Bureau of Prisons deducted $77.86 after this Court granted his in forma pauperis application. Id. "This action was intended to be a PETITION FOR A WRIT OF HABEAS CORPUS under 28 U.S.C. § 2241 and not a civil complaint." ECF No. 4 (emphasis in original).

A petition for writ of habeas corpus under 28 U.S.C. § 2241 has a $5.00 filing fee. Plaintiff submitted $5.00 along with his complaint and in forma pauperis application, but the "[f]iling Fee of $5.00 [was] received and returned to plaintiff." ECF No. 1 (Clerk's notation). Plaintiff alleges that he "must have been sent the wrong forms" by the Clerk's Office. ECF No. 4. "Because I am not knowledge in matters of law, this was compounded by being assisted by a 'jailhouse lawyer' who did not know what he was doing." Id.

2

"[U]nder 28 U.S.C. § 1915(a), a court 'may authorize the commencement ... of any suit ... without prepayment of fees ... by a person who submits' appropriate documentation of an inability 'to pay such fees.'" Edwards v. Hillman Grp. Co. for S. Woods State Prison Combination Padlocks, 847 F. App'x 112, 116 (3d Cir. 2021) (omissions in original). "No section of § 1915 authorizes the refund of fees after a litigant has paid them; rather, an application to proceed IFP may be filed at the commencement of an action." Id. "[H]owever, federal courts plainly and unmistakably have the power to refund a litigant's payment of an excessive or mistaken filing fee to a litigant, including, in particular, indigent prisoners." Torres v. O'Quinn, 612 F.3d 237, 251–52 (4th Cir. 2010), abrogated on other grounds by Bruce v. Samuels, 577 U.S. 82 (2016).

The Court is not persuaded that Plaintiff "made a mistake" such that that interests of justice would support returning the filing fee. Plaintiff submitted his complaint on a form labeled "Form to be used by a prisoner in filing a civil rights complaint." ECF No. 1 at 1. The first page clearly states: "Upon receipt of a fee of $402.00 (a filing fee of $350.00 and an administrative fee of $52.00), your complaint will be filed." Id. The next paragraph reads: "If you cannot prepay the $402.00 fee, you may request permission to proceed in forma pauperis in accordance with the procedures set forth in the application to

3

proceed in forma pauperis." Id. at 2. Plaintiff checked Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) as the basis of the Court's jurisdiction. Id.

Plaintiff also submitted an in forma pauperis application with his complaint. ECF No. 1-1. The application states "this form must be used by a prisoner applying to proceed in forma pauperis in a **civil rights** case" at the top of the first page. Id. at 1 (emphasis in original). Section 1915's payment procedure is set out in full on the first page:

> If the Judge enters an order granting a prisoner's application to proceed in forma pauperis, then the order will assess the filing fee (currently $350) against the prisoner and collect the fee by directing the agency having custody of the prisoner to deduct an initial partial filing fee equal to 20% of the greater of the average monthly deposits to the prison account or the average monthly balance in the prison account for the six-month period immediately preceding the filing of the complaint, as well as monthly installments payments equal to 20% of the preceding month's income credited to the account for each month that the balance of the account exceeds $10.00, until the entire filing fee has been paid, regardless of the outcome of the proceeding.

Id. (emphasis added). Plaintiff wrote "Bivens claim against the B.O.P." in describing "[t]he nature of my claim or the issues I intend to present on appeal . . . ." Id. at 2. Finally, Plaintiff signed under penalty of perjury that he "authorize[d] the agency having custody over me to assess, withdraw from [his] prison account, and forward to the Clerk of the District Court for the District of New Jersey" the initial filing fee and

4

"payments equal to 20% of the preceding month's income credited to [his] prison account each month the amount in the account exceeds $10.00, until the $350.—fee is paid." Id. at 3.

The Court is not persuaded Plaintiff wanted to file a § 2241 petition and simply used the wrong form. The forms were clearly marked as applying to civil rights cases. Plaintiff indicated in multiple places on the forms that he wanted to file his complaint under Bivens, not § 2241. The payment provisions of § 1915 were described in detail, and Plaintiff agreed under penalty of perjury to make the required payments. Plaintiff's belated realization that he should have filed a habeas corpus action does not warrant a refund of the filing fee or cessation of payments, especially considering that the Clerk and Court used limited judicial resources to address Plaintiff's filing. The Court will deny the refund request.

The Court will also deny the request to convert this action into a § 2241 action. Plaintiff withdrew the complaint on April 22, 2022, ECF No. 3, so there is no active complaint to convert. Moreover, different forms are required for § 2241 petitions. Local Civ. R. 81.2(a). The Court will instruct the Clerk to mail the appropriate forms to Plaintiff.

An appropriate Order follows.

Dated: May 11, 2022          s/ Noel L. Hillman
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.

5